Marine v. Hornbeck Offshore. Mr. McLeod, whenever you're ready, you can start. This case presents the issue of what does it mean to be a prevailing party in the context of an attorney fee provision in a maritime contract. And the reason we're here today is we're here to ask the Court to establish a bright line rule for what that means, because we do think it is an unresolved issue in federal maritime law. There is no definitive Fifth Circuit or U.S. Supreme Court case on that issue. And in reaching that decision, what we would ask this Court to do is to look to the federal statutes that relate to mandatory attorney fee provisions for prevailing parties. And I know this Court has had many cases that relate to that. And what that bright line rule that we're asking the Court to establish is look to, you know, who is the party that prevails on the main issue in the case or in the context of these federal statutes. The question is which party obtains actual relief that materially alters the legal relationship of the parties and modifies the defendant's behavior in a way to benefit the plaintiff. And the leading case on that is the U.S. Supreme Court's case in Buckhannon v. West Virginia Department of Health, 532 U.S. 598. This standard has been applied in the context of other federal statutes that I mentioned, the Copyright Act, the Civil Rights Act, the Defend Trade Secrets Act, and many others. So we're not asking the Court to do anything other than just apply in the context of what it's done in other cases and what really is pretty much uniform in other state and federal law and to apply that to federal maritime law. Further, as a common sense matter, if you look at Black's Statute, judgment is rendered regardless of the amount of the damages awarded. That legal term of art was used in the context of Federal Rule of Civil Procedure 50-4-D-1 and to determine who is prevailing party for cost. And so we just, we think it makes sense to match up what an attorney fee provision is in a federal maritime contract to what costs are in this case. It strikes me as very odd that we would come to this question in this circuit today with the volume of maritime cases that we have and we don't have a rule on who's the prevailing party in this circuit. It is a narrow issue. I admit it, Your Honor. I lead the Phelps Dunbar Maritime Group and have done so for 10 years. Why is it that it's just coming up now? I mean, as a practical matter, why is this just coming up now? I can't answer that question. You know, I negotiate charters and contracts for my marine and energy clients every day of the week. And, you know, I think what happens is that you put these attorney fee provisions in these time charters and other contracts and what's the purpose of it? The purpose of it, Your Honor, is so that, you know, you avoid litigation and you encourage parties to settle. But if parties do walk across that line and take a legal position, if they don't comply with the contract, they take the risk, they live by the sword, they die by the sword. And in this context, there was a master time charter agreement that said the prevailing party shall be awarded attorney fees. And in relationship to this case, what happened was my client Genesis purchased several non-vessels from Hornbeck back in 2013 and there was a time charter and according to that time charter, Hornbeck was going to collect the fees under the time charter from Anadarko and then within ten days they would issue payment to us. And that happened for many years. And they would issue charter hire and in connection with the way these charter hire agreements work, one party owes a charter hire, the other party gets to deduct some miscellaneous expenses, fuels, costs, oil, whatever that might be, crew expenses, and they remit the payment. And so that's what had happened for many years. Hornbeck would collect the funds from Anadarko, they would send the money to us, we would collect it. Now, what happened was this contract and this relationship ended. And so in January of 2017, we sent our invoices, you know, for over $700,000 and we didn't get any kind of a payment. And so we followed up and said sort of what's going on and we didn't get a response. Well, finally, sometime later that year in May of 2017, we get a letter from Hornbeck that says, okay, well, we're not paying you the, we'll pay you $120,000 and what we're going to pay you is the $700,000 we owe you less than $100,000 in miscellaneous expenses. But then they came up with an argument that under a separate ship manage agreement that has no mandatory attorney-free provision, we think you owe us $500,000. Take it or leave it. And so what happened? We didn't want this lawsuit. We didn't want to have to file suit. But we thought that was an unreasonable position for them to take as a matter of law. So we had to file suit and we went to court and when they responded, they didn't, at that point, claim that we owed them $487,000 under this ship management agreement. They claimed we owed them $3 million. And so we had to go to trial. We had to try the case and we won. We won our $711,000. The court ordered It seems to me you're a prevailing party for winning the $722,000. They're a prevailing party on the $117,000. And then the district court says in its alternative holding, because if both sides prevailed because of those claims, it's just a wash and I'm not going to award fees to either side. And that was an error. Why? As a matter of contract interpretation. The reason is because there can't be more than one prevailing party in the context of an attorney fee provision. And what I would, for example, I would refer this court to Chief Judge Rosenthal's decision that interpreted the Copyright Act, Tempest Publishing v. Hacienda Records 141F sub 3712, 2015. And he reasoned that there can be only one prevailing party because the term is singular. It doesn't say the prevailing parties can be. It says singular the prevailing party and it doesn't use a, it doesn't use any, it doesn't use some. It says the prevailing party. So we think under the plain language of that contract and that we are the prevailing party. Now, so I think, I think it was just an unreasonable interpretation. The other reason the district court. Did you make that argument below? It was, it was, it was not discussed. No, Your Honor. But in preparation for this brief, these are additional things when I was studying and trying to address some of the other arguments, you know, that's where I found that case, Judge. So to be clear. In addition, the other argument that, and I referenced in my brief, the Vega case. The other reason the district court decided not to grant us attorney's fees is he relied upon the Vega case, which involved a decision from the district court in the Eastern District of Louisiana. And in that case, a plaintiff sued under an act of sale. The court ordered the plaintiff to modify their complaint. They failed to do so. So the defendant said, okay, well, I'm going to sue you under a separate purchase agreement that had an attorney fee provision and try to recover my attorney's fees. And the district court in that case said, no, you can't recover your attorney's fees because that wasn't the primary contract that was sued over. In this case, it's completely different. Genesis sued under the master time charter. Genesis prevailed under the master time charter. And there is a mandatory attorney fees provision. And, and I understand that the district court might have been doing what it felt was maybe equitable or whatever it thought was appropriate. But what he did, in effect, was write out the provision that required Hornbeck to pay us attorney's fees. And that's our position. So we think that there should be a bright line rule established. And we think if you look at the overall case and you apply the standard we're asking this court to adopt, which is, you know, who obtained the actual relief that materially altered the relationship of the parties, that Genesis is that party. And with that, I'll yield the balance of my time. All right. We'll hear from Hornbeck. Good morning, Your Honors. Josh Cook for Hornbeck Offshore. I think maybe just a moment on the close to an asset purchase agreement, Hornbeck sold to Genesis its fleet of tugs and barges. These were very sophisticated barges. Genesis did not have the expertise or the manpower or the certificates or the permits with which to operate the vessels. Also, all of the tugs and barges were under charter to Hornbeck's clients. So in an effort to enable Genesis to continue to actually acquire the assets and to be able to operate them and to be able to receive revenue, Hornbeck entered into a master time charter agreement and a shipman agreement by which Hornbeck agreed to manage the fleet for Genesis and a crewman agreement by which they agreed to crew the vessels. The master time charter agreement is the only agreement that has a provision in it for attorney fees. The shipman agreement does not provide for attorney fees and the crewman agreement did not provide for attorney fees. At the termination of the master time charter agreements between Hornbeck and its clients, which Genesis had the right to under its contract, Genesis issued its invoice for charter hire to Hornbeck. Hornbeck in turn made demand on them for amounts that they claimed that were still owed under the shipman agreements. Hornbeck's claim was for an excess of $3 million. Genesis' claim was for about $700,000. In addition, Hornbeck made a claim for fuel, lube, and shoreside services that had been provided to Genesis in connection with its operation of the fleet for about $117,000. That amount in both the request under the shipman agreement for the management services was refused by Genesis and the claim under the master time charter agreement for fuel and lube made by Hornbeck on Genesis was also refused. Genesis filed suit. The master time charter agreement, as your honors are probably aware, provides for arbitration. It says that in the event of a dispute under this agreement, it shall, any dispute shall go to arbitration. It's mandatory. Did anybody invoke the arbitration provision? No ma'am. So whatever it provides about arbitration, nobody tried to go to the arbitrators on either side. That's correct. So the case, Hornbeck, Genesis filed its suit for the $700,000 claiming that they were owed it under the master time charter agreement. Hornbeck filed its counterclaim. Now Hornbeck could have just as easily have filed suit first and that suit would have been under the shipman agreement, which does not provide for attorney fees. Now counsel has spent some time talking about the fact that there is no, you know, there is no provision, no bright line test for prevailing party. The fact of the matter is, is that what is used seems to work just fine. As the court noted, there are not many suits or cases coming before the court with respect to the issue of what is a prevailing party and who should be entitled to attorney fees. In the brief by Genesis, Genesis suggests that the court should look to Texas law or should look to Louisiana law, which provide that the prevailing party on the main issue should receive or should recover attorney fees. In this case, the district court found that the main issue, and I might point out, it was stipulated to by both Genesis and Hornbeck that the main issue was the interpretation of the shipman agreement because it was the shipman agreement that drove the entire case. The reason that Hornbeck did not pay the $700,000 to Genesis was because of the shipman agreement and because of the amounts that they claimed were owed under the shipman agreement. So Hornbeck could easily have just been the first one to file suit and there was no arbitration in the shipman agreement. So Hornbeck could have been the first one to file suit. At that point, Genesis presumably would have been in the position of having to come in and file its counterclaim and the same sort of defenses that Hornbeck filed in response to Genesis' suit. At that point, there I don't think is any dispute that the main issue would have been the dispute under the shipman agreement and that the stepchild would have been the claim under the master time charter agreement. In this case, the court found two different, made two different findings in the alternative. One, they found that the main issue under this agreement, the main issue was the shipman agreement and as such, the shipman agreement did not provide for attorney fees and based on that finding, concluded that Genesis was not entitled to attorney fees, nor was Hornbeck entitled to attorney fees. In the alternative, the district court found that in the event that this court concluded that that was not correct, that both parties were the prevailing party under the master time charter agreement. There was no real dispute under the master time charter agreement with respect to the $700,000 claim. The dispute was whether or not they were entitled to it given the counterclaim and the amount that Hornbeck claimed was owed to it. Consequently, if the court found that both parties, Hornbeck's claim for the $117,000 and Genesis' claim for the $700,000, they were both prevailing parties under the master time charter agreement and that nullified an award for both of them. There was some case that was cited by my opponent during his argument to the effect that there can only be one prevailing party. That was actually not raised in his brief, Your Honor, and I'm not familiar with that particular case, but I would point out that how can you only have one prevailing party where you have a main demand and a counterclaim? I mean, there's going to be two rulings and you can clearly have two prevailing parties under that scenario. This case is obviously a little bit more complicated just given the fact that we have two different contracts, but at the end of the day, this case was about whether or not Genesis owed additional amounts to Hornbeck under the shipment agreement. Are there any questions? I think we have it. All right. Thank you. Thank you. Mr. McCloud's rebuttal? Yes. Had Hornbeck done what it should have done and paid the about a ship management of fees. To allow Hornbeck to do what it did in this case would encourage large corporate defendants who owe people money and who might be subject to pay them for open invoices under an open invoice statute or under a contract to say, you know what, no, I'm not going to pay you, and when you do sue me for that, I'm going to assert a counterclaim against you as a basis to avoid having to pay attorney's fees. And that's we would have been happy to take the charter hire and move on. I'm the one that was involved in trying to get them to pay when we got the letter that would say you owe us $483,000 and then it became $3 million. To a certain extent, Your Honor, you know, they should live by the sword or die by the sword. If they didn't want to pay it, they knew that there was an attorney fee provision in the contract. They knew they were at risk if they chose to assert this ship management agreement and see if the district court would buy that, and they lost. And so, you know, Genesis now has had to hire me to defend this case to this point, and all they're asking to do is just to be made whole. In one issue on the briefing of the dual prevailing party issue, when we had oral, we had, the case was tried and then shortly thereafter, a month or two later, we had oral argument on the post trial. And at that oral argument, after we completed, the district court gave oral reasons and awarded us the attorney's fees. And so then he said, okay, we'll file a brief on the attorney's fees. And so what happened was we filed a brief on the attorney's fees, and what we did was is we spent the majority of our brief, if not all of our brief, adjusting Lodestar. I filed an affidavit. I explained why my hours were what they were. I explained how I reduced my bills by certain amounts to try to prove Lodestar. And as it turned out, they were not contested by Hornbeck, and I assume because Hornbeck's bills were like 30 percent more than ours. And so that's really what this is about. Had they paid this amount at the beginning and filed a claim against us on the ship manager agreement, fair enough. We would have had to defend it and done that. But that's not the posture that Hornbeck chose to assert in this case. And so that's what happened. But if your original demand had reduced that $117,000 that they used as their counterclaim, then maybe you'd be in a different situation. Because they wouldn't have any argument that they prevailed on anything. That's right. And over the course of the years of business, that's how it worked. There were these fees that were set off. It wasn't like just saying, oh, we don't owe you the $117,000. That wasn't the way the posture of the case was. It was thrown into the mix. The big hammer was, okay, if you bring us to court, we're going to go after these ship management fees. So I appreciate the court's consideration. I do recognize that it is a narrow legal issue. But I do want to emphasize, it is an important issue. These issues comes up, and it will be, and we believe that if you assert that maritime, establish that rule and apply that to the facts of this case, then we are the prevailing party. Because we obtained actual relief that substantially altered the relationship of the parties. And in this case, it was in Genesis' favor. Thank you, Your Honors. All right. The case is submitted.